*In re* FRAZEE'S ESTATE.

DORNBOS *v.* HALL.

1. Wills—Execution—Burden of Proof—Instructions.

In will contest it was reversible error for court to refuse to charge pursuant to defendant's request that burden of proof of due execution of will was upon proponent thereof and to give charge that such burden was upon contestants and such error was not cured by later instruction that verdict should be that instrument was not the will of deceased if jury were not satisfied by a preponderance of the evidence that at the time of alleged execution deceased did not consciously make his mark intending it to be a signature to his will (Act No. 288, chap. 2, § 5, Pub. Acts 1939).

2. Same—Directed Verdict—Judgment Notwithstanding Verdict—Execution—Instructions.

In will contest wherein contestants claimed will was not validly executed, that testator was mentally incompetent, and that in making it he was subjected to fraud, coercion and undue influence, it was not error to deny motions for directed verdict and for judgment notwithstanding the verdict on record presented although a reversible error was made in charging jury as to burden of proof of valid execution (Act No. 288, chap. 2, § 5, Pub. Acts 1939).

3. Same—Evidence—Paternity of Residuary Legatee.

Receiving testimony as to paternity of residuary legatee *held,* not error in will contest.

4. Appeal and Error—Will Contest—New Trial—Prejudice—Questions Reviewable.

Claim that proponent's counsel in repeatedly asking improper hypothetical questions was guilty of conduct resulting in prejudicial error is not considered where a new trial is granted on other grounds and there is no likelihood of a similar record being made upon a retrial of the case.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 13, 1942. (Docket No. 10, Cal-

endar No. 41,790.) Decided March 17, 1942. Rehearing denied May 18, 1942.

In the matter of the estate of Frank Frazee, deceased. Sophia Frazee Dornbos presented the last will of Frank Frazee for probate. Lilah Hall objected thereto. Will admitted to probate. Contestant appealed to circuit court. Joseph H. Albers, Bishop of the Roman Catholic Diocese of Lansing, as trustee for the Church of St. John the Evangelist of Benton Harbor, appealed to circuit court. Appeals consolidated for trial. Will allowed. Contestants appeal. Reversed and new trial granted.

*Gillard & Gillard,* for proponent.

*Norris, McPherson, Harrington & Waer,* for contestant Albers.

*Charles W. Gore* and *Arthur E. Leckner,* for other contestants.

NORTH, J. An instrument dated July 30, 1940, purporting to be the last will and testament of Frank Frazee, deceased, was offered and admitted as such by the probate court of Kent county. On appeal by contestants and trial by jury in the circuit court, the will was again allowed. Contestants have appealed.

The validity of the will is attacked on the grounds that the testator was mentally incompetent, and in the making of the alleged will was subjected to fraud, coercion and undue influence, and further that the will, which proponent asserts was executed by the testator placing his mark thereon, was in fact and law not validly executed by him.

Among other errors alleged by appellants is the following, as stated in their brief:

"The trial court erred in instructing the jury that the burden of proof was on the contestants,

and in refusing to instruct the jury as requested by the contestants, that the burden of proof was on the proponent to show *lawful execution* of the purported will, but upon the contestants to show lack of testamentary capacity or the exertion of fraud or undue influence.''

Contestants submitted the following request to charge:

"In this case the burden of proof is on Sophia Dornbos, the proponent, to show by the preponderance of the evidence that Frank Frazee placed his mark on the purported will; that he expressly directed Rel K. Branch to write the name 'Frank Frazee' on that document, and that at that time Mr. Frazee knew and understood that the document so marked and signed purported to be his last will and testament.''

The trial court did not give the above request nor did he cover it in substance in the charge given to the jury. Instead, immediately following a paragraph in which the court outlined to the jury the legal requisites for the execution of a will, the court charged the jury: "In this case the burden of proof is upon the contestants of the will.'' Considerably later in the charge and practically at the conclusion thereof the jury was instructed:

"In conclusion, if you are satisfied from the testimony that you have heard and bearing in mind what I have tried to give you as the law involved in this case, if you are satisfied by a preponderance of the evidence that at the time of the alleged execution of this purported will Mr. Frazee did *not* consciously make his mark intending it to be a signature to his will, or * * * [if the testator did not possess testamentary capacity in particulars outlined by the court] your verdict will be that this is not the will of Frank Frazee.''

This record does not present a case wherein there was merely an inadvertent misstatement of law which was clearly and emphatically corrected elsewhere in the charge, and under circumstances that excluded any probability of the jury having been misled. And further, the issue of fact to which contestants' requested charge was pertinent was sharply controverted. Lack of legal execution of the will was urged and relied upon by contestants; and if decided against proponent would have been controlling. The record does not sustain appellee's contention that: "No testimony was offered or received * * * contradicting or attempting to contradict or dispute the facts with reference to executing and proving the will in accordance with the elements required by statute." The charge to the jury that: "In this case the burden of proof is upon contestants of the will," as applied to the execution of the will was clearly erroneous and necessitates reversal. By necessary implication the governing statutory provision places upon the proponent of. a will the burden of proving its due execution. Act No. 288, chap. 2, § 5, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2 [5], Stat. Ann. 1941 Cum. Supp. § 27.3178 [75]).

We are mindful that appellants also urged there was error on the part of the trial court in denying their motion for a directed verdict and their subsequent motion for judgment notwithstanding the verdict; but on the record before us we are disposed to hold, the question being extremely close, that this contention of appellants should not be sustained. Nor are we in accord with appellants' contention that the trial court erred "in receiving testimony * * * as to the paternity of * * * residuary legatee." Because there is no likelihood of a similar record being made upon a retrial of the case, it

is not necessary to pass upon appellants' contention that proponent's counsel in repeatedly asking improper hypothetical questions was guilty of conduct which should be held to have resulted in prejudicial error.

The judgment entered below is reversed for the reason first above noted and a new trial granted. Appellants will have costs of this Court.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.